# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:17-CR-290 |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| vs. ) | OPINION AND ORDER |
| CHRISTOPHER R. DAMRON, ) | |
| Defendant. ) | |

This case is before the Court on the Government's Motion for Reconsideration of Order Granting Defendant's Motion to Suppress (the "Motion"). Doc #: 37. For the reasons stated below, the Government's motion is **DENIED**.

On March 22, 2017, four Adult Parole Authority officers, including Officer Shurtz, arrived at the home of Defendant Christopher R. Damron's girlfriend to arrest Damron for failing to update his sex offender registration. Doc #: 35; Hearing Trans. 61 (Q. And what was the purpose behind going to that address? A. To make contact with [Damron] and take [Damron] into custody.) When the officers arrived at the home, Damron answered the door and was immediately arrested and detained in the officers' van. *Id.* at 61-62. The officers then conducted a comprehensive search of the home.

The Government now argues in its Motion that officers may conduct a warrantless search of a home after they arrest a probationer if the officers have reasonable suspicion that a

probationer violated a residency-condition of his probation (i.e., failed to update his sex offender registration).[1]  Mot. 7, 11.  The Government cites *United States v. Loney*, 331 F.3d 516 (6th Cir. 2003) as its authority.  *Id.* at 11.  But *Loney* only allowed a post-arrest warrantless search where the officer had reasonable suspicion that evidence of an *additional* crime or probation violation would be found in the home.

Loney's probation officer, Officer Dykstra, issued a local order for Loney's arrest after he failed to report to Officer Dykstra as required under the terms of his probation.  *Loney*, 331 F.3d at 518.  After Officer Dykstra arrested Loney, he searched the house and found drugs and ammunition.  *Id.* at 519.  The district court denied the motion to suppress.  *Id.* at 520.  On appeal, the Sixth Circuit affirmed because Officer Dykstra had articulated reasonable suspicion that Loney was engaged in illegal drug activity.  *Id.* at 522.  Officer Dykstra had extensive personal knowledge of Loney's repeated drug problems, including unsuccessful treatment programs while under Officer Dykstra's direct supervision and two failed drug tests immediately preceding Loney's failure to report.  *Id.*  Thus, after arresting Loney for his probation violation, Officer Dykstra had reasonable suspicion that evidence of illegal drug activity would be found in the home.

On the other hand, in this case Officer Shurtz testified that he arrived at Damron's girlfriend's residence for the sole purpose of arresting Damron for violating his registration requirements.  Hearing Trans. 61.  The Court specifically asked Officer Shurtz what he would have included in his affidavit in support of a search warrant had Damron's girlfriend not

---

[1] The Government does not challenge the Court's determination that Damron's girlfriend did not consent to the search in its Motion for Reconsideration so the Court does not address it here.

consented to the search.[2] *Id.* at 77-78. Officer Shurtz responded:

> The only things I could think of for that search warrant would just be that he hadn't reported that address. I can't think of anything else because at that time there really wasn't anything else specifically that we were thinking about other than the registration and not keeping us informed.

Trans. 78. In other words, Officer Shurtz had no suspicion that he would find evidence inside the home that Damron had committed another crime or probation violation. The Ohio statute authorizing warrantless searches of probationers only survives Fourth Amendment scrutiny because it requires reasonable suspicion. *Loney*, 331 F.3d at 520-21. The Fourth Amendment's protection is not eliminated for probationers: its standard is reduced from probable cause to reasonable suspicion. *Id.* So, an officer must still articulate reasonable suspicion for conducting a warrantless search of a probationer's home. At the suppression hearing, Officer Shurtz was unable to articulate reasonable suspicion for the search. Thus, the Court properly granted Damron's Motion to Suppress.

Accordingly, the Government's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    Jan. 3, 2017*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Officer Shurtz testified that he believed Damron's girlfriend, Aquinda Hill, consented to the search. After considering both Officer Shurtz's and Ms. Hill's testimony, the Court found that the Government did not meet its burden of demonstrating by a preponderance of the evidence that consent was voluntary, specific, intelligently given, and uncontaminated by duress or coercion. *See* Doc #: 34 at 2.