IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17CR290 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER RAY DAMRON, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Danielle K. Angeli, Assistant United States Attorney, and hereby submits the following trial brief.

## I.      STATEMENT OF FACTS

Christopher Ray Damron ("Defendant") is charged in a single-count indictment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  If this case proceeds to trial, the United States intends to offer evidence of the following:

On February 11, 2017, Defendant began community control, supervised by the Adult Parole Authority ("APA").  During Defendant's supervision, the APA learned that Defendant was not living at his reported address in Harrison County, Ohio.  As a result, on March 22, 2017, the APA went to Defendant's unreported address in Carroll County, Ohio, that he shared with his girlfriend, Aquinda Hill, and her two children.  When the APA officers arrived at the home, they asked Defendant to step outside, detained him in handcuffs, and moved Defendant to the car.  Defendant's supervising APA officer spoke with Ms. Hill, who told him that Defendant had spent every night at her house and was moving in with her.  The officer asked where Defendant kept his belongings, and went to search the bedroom.  Inside the bedroom, officers found male clothing,

among other things.  After finding this, an APA officer asked Ms. Hill where in the house Defendant hid other belongings, and she pointed to the entertainment console in the living room. Officers searched the area and found a loaded Colt, model Mustang Pocketlite, .380 caliber pistol, bearing Serial Number PL33002.

Defendant's APA Officer then read Defendant his *Miranda* rights.  Defendant waived his rights, and admitted that he and his brother shot the firearm earlier that week.  He also admitted that Ms. Hill wanted a firearm for protection.  After the APA officers found the loaded firearm, Ms. Hill made a voluntary written statement to the Carroll County Sheriff's Office indicating that Defendant was working on moving his stuff to live with her.  She also explained that she did not know anything about the firearm.

As of March 22, 2017, Defendant was prohibited from possessing a firearm and ammunition because he had a number of disqualifying felony convictions.  Defendant stipulates to this element.  Additionally, the firearm and ammunition were each manufactured outside of the State of Ohio, so they moved in and affected interstate commerce.  Defendant also stipulates to this element.

## II.  CONTROLLING LAW

### A.  Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)(1), makes it a crime for a person to knowingly possess a firearm and ammunition in and affecting interstate commerce after having been convicted of a crime punishable by more than one year imprisonment.  The government must prove the following elements beyond a reasonable doubt:

(1)  That the defendant has been convicted of a crime punishable by imprisonment for

more than one year.  As I explained earlier, the government and the defendant have

stipulated and agreed that defendant had previously been convicted of a crime punishable by imprisonment for more than one year.

(2)  That the defendant, following his conviction, knowingly possessed a firearm and ammunition specified in the indictment.

(3)  That the specified firearm and ammunition crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm and ammunition were manufactured in a state other than Ohio.  Again, as I explained earlier, the government and the defendant have stipulated and agreed that the firearm and ammunition traveled in and affected interstate commerce to be found in the State of Ohio.

## III.  EVIDENTIARY ISSUES

### A.  Evidence of the APA's supervision of Damron is admissible *res gestae* evidence.

Background or *res gestae* evidence of a case is information and evidence intrinsic to the charged crime.  *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).  "Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged."  *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (internal citation omitted).  Background or *res gestae* evidence consists of "those acts the telling of which is necessary to complete the story of the charged offense."  *United States v. Till*, 434 F. 3d 880, 884 (6th Cir. 2006) (quoting *Hardy*, 228 F.3d at 745).  Such evidence has "a causal, temporary or spatial connection with the charged offense, typically such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness' testimony or completes the story of the charged offense."  *Id.*

3

The United States anticipates that it will introduce evidence that the APA was supervising Defendant upon his release from prison.[1]  This evidence has a causal connection with the charged offense:  it explains why APA officers went to Defendant's unreported residence, and why they searched the home.  It also shows that Defendant cannot lawfully possess a firearm and ammunition.  Because the evidence is necessary to complete the story of the charge offense, it is proper *res gestae* evidence.

Moreover, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  As discussed above, an element of the charged offense requires that the United States prove that Defendant has a felony conviction.  As a result, the danger of unfair prejudice is little, if any, whereas the probative value is high to explain why the APA searched Defendant's home.  Thus, the evidence passes Rule 403's balancing test.

Further, any risk of unfair prejudice is mitigated if the Court offers a limiting instruction under Rule 105.  The Court can instruct the jury to only consider this evidence to explain why the APA searched Defendant's home.  When a proper limiting instruction is given, the jury is expected to follow the court's instruction.  *United States v. Gutierrez*, No. 3:12-00083, 2012 WL 4097217, at *2 (M.D. Tenn. Sept. 17, 2012) (citing *United States v. Certain Land Situated in City of Detroit*, 633 F.3d 418, 423 (6th Cir. 2011) (noting that limiting instructions are effective and juries can be expected to follow them)).  Therefore, a limiting instruction will minimize the potential prejudicial effect.

---

[1]    The United States does not anticipate discussing any details of the underlying conviction in its case-in-chief, but only the fact that the APA was supervising Defendant.

### B.   Defendant's post-*Miranda* statements are admissible statements by a party opponent.

The Federal Rules of Evidence exclude statements made by party opponents from the hearsay definition.  *See* Fed. R. Evid. 801(d)(2).  The United States intends to offer Defendant's post-*Miranda* statements after the APA officers found the loaded firearm.  Specifically, Defendant told the APA officers that he and his brother had gone shooting with the firearm earlier in the week.  Defendant also told the APA officers that his girlfriend, Ms. Hill, wanted a firearm in the home for protection.  Because these are Defendant's own statements, and he is an opposing party to the United States, they are not hearsay.  Thus, they are admissible under Rule 801(d)(2).

Contrastingly, defendants cannot seek to introduce their own statements through Rule 801(d)(2).  *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)).   Indeed, although the Federal Rules of Evidence allow the government to introduce a defendant's statements, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."  *Id.*  Thus, although the United States is permitted to introduce some or all of a defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule.  This applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses.

## IV.    TRIAL DOCUMENTS

### A.    Joint Stipulations[2]

The United States and the Defendant have entered into the following stipulations as filed:

1. Prior to the date of the crime charged in count one of the indictment, the defendant was convicted of a felony, that is, a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year.

2. Government Exhibit 1, a Colt, model Mustang Pocketlite, .380 pistol, bearing Serial Number PL33002, is a firearm as defined under federal law and was manufactured outside of the State of Ohio, so it moved in and affected interstate commerce.

3. Government Exhibit 2, the seized ammunition, is ammunition as defined under federal law and is manufactured outside of the State of Ohio, so the ammunition moved in and affected interstate commerce.

### B.    Joint Proposed Additional Jury Instructions

The United States respectfully requests that the Court use the Joint Proposed Additional

Jury Instructions as filed.  The United States and Defendant agree on all of the filed instructions.

### C.    Proposed *Voir Dire* Questions

The United States respectfully requests that the Court use the Government's proposed

questions as filed to the jury panel during *voir dire* examination.

### D.    Joint Proposed Preliminary Statement

The United States respectfully requests that the Court use the Joint Proposed Government

and Defense preliminary statement as filed:

"The Defendant, Christopher Ray Damron, has been charged in a one-count indictment.

The Defendant is charged in Count 1 with being a felon in possession of a firearm and

---

[2]    Although the Court's Order specifies that all stipulations shall be signed by both counsel as well as the defendant, as of the filing of this trial brief, the United States had not received a copy of the stipulations with Defendant's signature.

ammunition.  The charge is alleged to have occurred on or about March 22, 2017, in Carroll County, Ohio.

Specifically, the United States alleges that on March 22, 2017, Defendant Damron knowingly possessed a firearm and ammunition that Adult Parole Authority officers recovered during a search of Defendant Damron's residence.  As of March 22, 2017, Defendant Damron had been previously convicted of a crime punishable by more than one-year imprisonment. Additionally, the firearm and ammunition in question were manufactured outside of the State of Ohio and therefore traveled in and affected interstate and/or foreign commerce before March 22, 2017.  Defendant Damron denies this charge and has entered a plea of not guilty."

### E.  Exhibit List

The United States has filed its proposed exhibit list.  It will revise the list further as needed should circumstances change prior to trial.

### F.  Witness List

The United States has provided a copy of its proposed witness list, along with a brief description of the witness's anticipated testimony, as well as the documentary or physical evidence to be offered by the witness, to defense counsel and the Court.

### G.  Motions *in Limine*

The United States has not filed any motions *in limine*.  If Defendant files a motion *in limine*, the United States will promptly file its response before the final pretrial conference scheduled on March 11, 2019.

### H.  Joint Proposed Verdict Form

The United States has provided a copy of the joint proposed verdict form to the Court.

## I.      Jencks Material

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

## V.      COURTROOM PROCEDURE

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615.  The government designates Special Agent Elizabeth Gardner with ATF as its representative in this case to be present at counsel table throughout the trial. Special Agent Gardner's presence in the courtroom during trial is essential to the presentation of the government's case.  *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## VI.      CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

<div style="margin-left: 40%;">

Respectfully submitted,
JUSTIN E. HERDMAN
United States Attorney

By:     /s/ Danielle K. Angeli
        Danielle K. Angeli (MI: P81362)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3875
        (216) 522-8355 (facsimile)
        Danielle.Angeli@usdoj.gov

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of March 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Danielle K. Angeli
Danielle K. Angeli
Assistant United States Attorney